# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**PIERRE HAMILTON,**

      **Plaintiff,**

   v.                                 **Civil Action 2:16-cv-1173**
                                            **Judge Algenon L. Marbley**
                                             **Magistrate Judge Jolson**

**FRANKLIN COUNTY
PROSECUTOR'S OFFICE, et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

Because Plaintiff is a prisoner who seek redress from the government, this Court must conduct an initial screen of the complaint. 28 U.S.C. § 1915A(a).[1] The Court must dismiss the complaint if it determines that the claims are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); *see Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) ("[T]he allegations of a complaint drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers . . . ."); *Thompson v. Kentucky*, 812 F.2d 1408, No. 86-5765, 1987 WL 36634, at *1 (6th Cir. 1987) ("Although pro se complaints are to be construed liberally, they still must set forth a cognizable federal claim." (citation omitted)). In

---

[1] Plaintiff asserts that his Complaint is not subject to initial screening (Doc. 3 at 2), but a prisoner is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c); *see also* 28 U.S.C. § 1915(h). Plaintiff is incarcerated at the Federal Bureau of Prisons in Lisbon, Ohio. (Doc. 1). Because Plaintiff is a prisoner, this Court "must examine 8 U.S.C.A. § 1915(e)(2) and 28 U.S.C.A. § 1915A" when considering this lawsuit. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). Moreover, even if he were not prisoner, this Court would still screen the case pursuant to 28 U.S.C. § 1915(e)(2) because of Plaintiff's *in forma pauper* status.

order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). For the foregoing reasons, the undersigned recommends dismissing the Complaint in its entirety.

## I. Immunity (Franklin County Prosecutor and The State of Ohio)

Plaintiff has brought suit against the State of Ohio, which Plaintiff refers to as Defendant #3. (*See, e.g.*, Doc. 3 at 1). However, the State of Ohio may be sued in federal court only if it has "consented to such a suit or its immunity has been properly abrogated by Congress." *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)). Absent such circumstances, the Eleventh Amendment provides jurisdictional immunity to the State of Ohio, which is "an absolute bar to the imposition of liability upon States and State agencies." *Ganaway v. Ohio*, No. 3:12-cv-1448, 2012 U.S. Dist. LEXIS 156064, at *2 (S.D. Ohio Oct. 31, 2012) (citing *Latham*, 395 F.3d at 270). The State of Ohio has not consented to this lawsuit and thus has jurisdictional immunity.

The Franklin County Prosecutor, whom Plaintiff refers to as Defendant #1, likewise has immunity. (*See, e.g.*, Doc. 3 at 1). Prosecutors have immunity for actions taken in their capacity as prosecutors. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding that prosecutors are absolutely immune from § 1983 suits in initiating or prosecuting the State's case). To the extent the Franklin County Prosecutor (or one of his assistants) was involved with the alleged forfeiture of Plaintiff's property, that is a prosecutorial act. As such, he and any of his assistant prosecutors are immune from suit. *Hurst v. Ohio*, No. 2:14-cv-2594, 2015 U.S. Dist. LEXIS 9767, at *9–10

(S.D. Ohio 2015) (screening complaint and recommending dismissal based on prosecutorial immunity).

## II. Failure to State a Claim and Supplemental Jurisdiction (John Doe Defendants)

Only Defendant #2 remains. "Defendant #2 consists actually of 3 unknown Police Officers," who are "believed to be Columbus PD officers." (Doc. 3 at 2). Giving Plaintiff every benefit of the doubt, he seems to allege Defendant #2 deprived him of his property without due process of law in violation of 42 U.S.C. § 1983. (*See, e.g.*, Doc. 3 at 6 (alleging "divestiture of personal property")). The Undersigned recommends dismissal of this claim.

Plaintiff alleges a random and unauthorized deprivation of his property. In particular, he asserts that the John Doe Defendants failed to comply with Ohio's notice requirements. (*See, e.g.*, Doc. 3 at 6 ("The statutes of Ohio make it clear that the state intends to permit forfeiture to occur only after timely notice properly served . . . .")). At times, Plaintiff claims Defendants acted negligently, *see, e.g.*, Doc. 3 at 6, but a negligent deprivation of property is insufficient to support a due process claim. *See Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986).

Plaintiff's allegations regarding intentional conduct fare no better. In *Hudson v. Palmer*, 468 U.S. 517, 531–33 (1984), the Supreme Court held that claims for intentional deprivation of property without due process are not actionable under § 1983 if adequate state remedies are available to redress the deprivation. Pursuant to *Parratt* and *Hudson*, the Sixth Circuit has held that in a § 1983 case claiming a deprivation of property, "the plaintiff must plead and prove that state remedies for addressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1065–66 (6th Cir. 1983). If a plaintiff fails to do so, dismissal is appropriate. *See Gibbs v.*

*Hopkins*, 10 F.3d 373, 377–78 (6th Cir. 1993) (upholding dismissal of procedural due process claim where plaintiff had "not pled or shown that [the state] judicial remedies are inadequate . . . .").

Here, Plaintiff has not claimed that the State of Ohio is without a corrective procedure or that its procedure is inadequate. Nor has Plaintiff asserted that he has brought a declaratory judgment action in state court, a tort claim in state court, or an action for conversion in state court. As such, Plaintiff's claim is not properly before this Court. *See Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001) ("Because Michigan provides [Plaintiff] with adequate postdeprivation remedies for the loss of his property, the unauthorized negligent or intentional deprivation of Keenan's property does not rise to the level of a violation of due process."); *Baker v. Ohio Cent. Sch. Sys. Region III*, No. 97-3020, 1998 U.S. App. LEXIS 13621, *3 (6th Cir. 1998) ("[Plaintiff] has utterly failed to show that state court remedies are inadequate. He could have filed suit in the Ohio Court of Claims, but did not, and he gives no reason why.").

Plaintiff's remaining allegations are state-law claims (like legal malpractice, conversion, theft, and misfeasance). When all federal claims are dismissed before trial, state-law claims "generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009). Because Plaintiff's federal claims must be dismissed, the Undersigned recommends not exercising supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3). *See Mathis v. Doctor's Hosp. (West)*, No. 2:12-cv-358, 2012 U.S. Dist. LEXIS 80190 *9–10 (S.D. Ohio June 11, 2012) (adopting recommendation not to exercise supplemental jurisdiction where federal claims failed).

**Procedure on Objections to Report and Recommendation**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date:  January 25, 2017                                       /s/ Kimberly A. Jolson
                                                              KIMBERLY A. JOLSON
                                                              UNITED STATES MAGISTRATE JUDGE